UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EZELL CODY, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 4:04CV01705 FRB |
| | ) |
| v. | ) |
| | ) |
| | ) |
| JAMES PURKETT, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This cause is before the Court on the petition of Missouri state prisoner Ezell Cody ("petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On February 28, 2002, petitioner plead guilty in the Circuit Court of St. Louis County, Missouri to felony stealing and burglary in the second degree. (Respondent's Exhibit ("Resp. Exh.") B at 27.) On that same date, probation petitioner had received for prior offenses was revoked, and he was sentenced as a prior and persistent offender to two twelve-year terms. Id. at 26, 57. Petitioner did not seek direct appeal of his conviction or sentence.

On May 15, 2002, petitioner filed a pro-se motion for

-1-

post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. (Resp. Exh. A at 9-22.) On August 8, 2002, counsel entered an appearance on petitioner's behalf, and on October 1, 2002 filed an amended post-conviction motion pursuant to Missouri Supreme Court Rule 24.035. Id. at 34-45. On January 6, 2003, the motion court denied petitioner's motion without an evidentiary hearing. Id. at 47-52. The Missouri Court of Appeals affirmed this denial on December 16, 2003. Cody v. State of Missouri, 122 S.W.3d 712 (Mo. Ct. App. 2003). Although the record does not indicate the date the mandate issued, review of the Missouri Appellate Court's docket reveals that the mandate issued on January 21, 2004.[1]

In addition, the record includes petitioner's pro se Motions for Probation Time Credit, in which petitioner requested that the time he spent on probation for prior offenses be credited against his twelve-year sentences. (Resp. Exh. H.) All of these motions were file-stamped by the St. Louis County Circuit Clerk on December 14, 2004. Id. The circuit court of St. Louis County, Missouri, denied petitioner's motions on January 3, 2005. Id. The instant petition for writ of habeas corpus was mailed by petitioner on December 6, 2004, and filed in this Court on December 8, 2004.[2]

In the instant petition, petitioner raises two claims for

---

[1] www.courts.mo.gov/casenet/cases/searchDockets

[2] Applying the prison mailbox rule, Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999), the undersigned determines that the instant petition was filed on December 6, 2004, the date petitioner mailed the petition.

-2-

relief. Respondent contends that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1)(A) because more than one year passed between the conclusion of direct review of his conviction and sentence, and the filing of the instant petition. The undersigned agrees.

The instant petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, which requires a federal habeas petition to be filed within one year after the petitioner's state conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). In Missouri, a judgment becomes final in a criminal case when sentence is entered. State v. Arnold, 230 S.W.3d 353, 354 (Mo. Ct. App. 2007) (citing State v. Williams, 871 S.W.2d 450, 452 (Mo. banc 1994)). For purposes of the federal habeas statute of limitations, the state judgment is considered final when direct review has ended, or when the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). Under Missouri Supreme Court Rule 30.01(d), the notice of appeal in a criminal case must be filed no later than 10 days after the judgment becomes final. See Arnold, 230 S.W.3d at 354.

In this case, therefore, petitioner had ten days from February 28, 2002, the date his sentence was entered, to seek direct review of his conviction and sentence. Because petitioner did not seek direct review, his judgment became final for purposes of the federal habeas statute on March 11, 2002, the expiration

date of the time for seeking such review.³  28 U.S.C. § 2244(d)(1)(A).  Petitioner therefore had until not later than March 11, 2003 to file the instant petition for writ of habeas corpus, but did not file it until December 6, 2004, well after the one-year statute of limitations elapsed.

Excluded from the computation of the one-year limitations period is the time during which a "properly filed" application for post-conviction review, or other collateral review, is pending in state court.  28 U.S.C. § 2244(d)(2); Payne v. Kemna, 441 F.3d 570, 571 (8th Cir. 2006).  Whether such an application is "pending" for purposes of § 2244 is a matter of federal law, which in turn requires the examination of the state court procedures.  Payne, 441 F.3d at 571 (citing Mills v. Norris, 187 F.3d 881, 883 (8th Cir. 1999)).  The term "pending" includes the interval between the state trial court's denial of post-conviction relief and the filing of an appeal therefrom, Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002); and the time during this appellate process through and including the date upon which mandate issues.  Payne, 441 F.3d at 572 ("The Missouri Court of Appeals has repeatedly held that an appeal is not considered complete or final until the mandate is issued.")  Section 2244(d)(2) does not toll the statute of

---

³March 10, 2002 actually marks the end of the ten-day period following the imposition of sentence.  However, because March 10, 2002 was a Sunday, it would have been excluded from the ten-day time computation pursuant to Missouri Supreme Court Rule 20.01(a), and petitioner would have had until March 11, 2002 to seek direct review.

limitations for the 90-day period during which a writ of certiorari could be sought. Snow v. Ault, 238 F.3d 1033, 1035 (8th Cir. 2001).

In the instant case, petitioner filed his motion for post-conviction relief on May 15, 2002, the denial of which was affirmed by the Missouri Court of Appeals on December 16, 2003. Mandate issued on January 21, 2004. The limitations period was therefore tolled from May 15, 2002 (the date petitioner filed his post-conviction motion) through January 21, 2004 (the date the Court of Appeals issued its mandate). Petitioner filed the instant petition for writ of habeas corpus on December 6, 2004, 320 days after the conclusion of appellate review of his post-conviction motion.

The time between the date that direct review of a conviction is completed and the date that an application for state collateral relief is filed counts against the one-year limitations period. Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001). Therefore, the time between March 11, 2002 (the time petitioner's conviction became final for purposes of the federal habeas statute) and May 15, 2002 (the date petitioner filed his post-conviction motion), a period of 65 days, is not tolled, and must be included in the computation of the period within which petitioner was required to file the instant petition. Totaling this 65 days with the 320 which elapsed subsequent to the conclusion of post-conviction appellate review, 385 days elapsed before petitioner

filed the instant petition. The petition is therefore untimely filed according to § 2244 (d)(1)(A).

Petitioner argues that the filing of his motions for probation time credit serves to toll the one-year limitations period. Petitioner initially stated that he filed these motions on October 1, 2004 (Petitioner's Reply, Docket No. 17, at page 2), and later stated that he "sent" the motions to the St. Louis County Circuit Court "in October". (Petitioner's Traverse, Docket No. 27, at page 1.) Respondent argues that the motions were not properly filed or considered pending until December 14, 2004, the date indicated in the court clerk's file stamp, and cannot serve to toll the one-year time limitation because they post-date the instant petition. Respondent's argument is well-taken.

A "properly filed" application for state post conviction or other collateral review, such as would toll the statute of limitations for the filing of federal habeas petitions, is one that meets all of the state's procedural requirements. Artuz v. Bennett, 531 U.S. 4, 9 (2000); Beery, 312 F.3d at 950-51 (citing Lookingbill v. Cockrell, 293 F.3d 256, 260-61 (5th Cir. 2002)). Courts interpret the words "properly filed" narrowly. Beery, 312 F.3d at 950-51 (citing Lookingbill, 293 F.3d at 260).

Missouri Supreme Court Rule 20.04(g) provides that the "filing of papers with the court . . . shall be made by filing them with the clerk of the court". Furthermore, according to the Missouri Court of Appeals, a document is not considered to have

-6-

been filed until it is "lodged in the clerk's office." Morant v. State, 783 S.W.2d 139, 140 (Mo. Ct. App. 1989)(affirming the denial of a convicted prisoner's post-conviction motion as untimely, despite his contention that he had delivered the motion to the prison mail room three days before the due date, and in fact had a receipt indicating the motion had been sent to the court via certified mail two days before the due date).

Examination of the motions reveals that they were executed before a notary public on October 29, 2004. (Resp. Exh. H.) Nowhere in the motions is the October 1, 2004 date reflected. However, the motions were not file-stamped by the St. Louis County Circuit Court until December 14, 2004. The record is void of evidence indicating that the motions may have been received by the clerk's office before this date, and petitioner's only argument on this point consists of brief, self-serving statements that he sent the motions to the court on "October 1, 2004" and "in October". (Petitioner's Reply at page 2; Petitioner's Traverse at page 1.) Finally, the December 14, 2004 filing date is consistent with the date the court entered judgment denying the motions (January 3, 2005).

It therefore appears that the motions were "lodged in the clerk's office" on December 14, 2004, the date indicated in the clerk of court's file stamp. Id. This is, therefore, the date on which they met Missouri's procedural requirements, and became properly filed applications for state post conviction or other

collateral review such as would toll the statute of limitations for the filing of federal habeas petitions. See Artuz, 531 U.S. at 9; Beery, 312 F.3d at 950-51; Morant, 783 S.W.2d at 140. Because they were not properly filed and pending before the state court until after the instant petition was filed, they obviously cannot operate to toll the statute of limitations.

Finally, petitioner does not argue, nor does the record reflect, any extraordinary circumstances making it impossible for him to timely file the instant petition. Equitable tolling is therefore not justified in this case. Beery, 312 F.3d at 951.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner Ezell Cody's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 2) is dismissed without further proceedings, as it was untimely filed pursuant to 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause because petitioner has failed to make a substantial showing that he has been denied a constitutional right.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of February, 2008.